SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal Bar No. 168646
ALYSSA SONES, Cal Bar No. 318359
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
Email:     ccardon@sheppardmullin.com
           asones@sheppardmullin.com

DANE C. BRODY CHANOVE, Cal. Bar No. 345843
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: (858) 720-8900
Facsimile: (858) 509-3691
Email:     dbrodychanove@sheppardmullin.com

*Attorneys for Defendant*
LEVI STRAUSS & CO.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTITA CASILLAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEVI STRAUSS & CO., a Delaware entity, d/b/a WWW.LEVI.COM,<br><br>Defendant. | Case No. '25CV0291 H    DDL<br><br>**DEFENDANT LEVI STRAUSS & CO.'S NOTICE OF REMOVAL**<br><br>[Superior Court of California, County of San Diego, Case No. 25CU000499C] |

-1-

PLEASE TAKE NOTICE that Defendant Levi Strauss & Co. ("Defendant") hereby removes the above-titled action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## I.   INTRODUCTION

On January 3, 2025, Plaintiff Miltita Casillas ("Plaintiff") filed a Class Action Complaint ("Complaint") on behalf of herself and a putative class of other similarly situated United States consumers in the Superior Court of California for the County of San Diego, entitled *Miltita Casillas v. Levi Strauss & Co.*, Case No. 25CU000499C.

Defendant hereby removes this class action to this Court under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453(b) ("CAFA"), for the reasons set forth below.

## II.   REMOVAL UNDER CAFA IS PROPER

1. Under CAFA, federal courts have jurisdiction over putative class actions if: (a) any member of the plaintiff class is a citizen of a State different from any defendant (28 U.S.C. § 1332(d)(2)(A)); (b) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief (28 U.S.C. § 1332(d)(5)(A)); (c) there are more than 100 members in the putative class(es) (28 U.S.C. § 1332(d)(5)(B)); and (d) the amount in controversy exceeds $5,000,000, exclusive of interests and costs (28 U.S.C. § 1332(d)(6)).

2. As set forth below, this action is removable under CAFA because at least one putative class member is a citizen of a State different from that of Defendant (who is not a state, state official, or other government entity), there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

### A. Minimal Diversity Exists

3. Under CAFA, minimal diversity exists where any member of the putative class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

4. The Complaint alleges Plaintiff is a California citizen. (Compl. ¶ 1.) Plaintiff seeks to represent class members within the United States who purchased one or more of Defendant's products from Defendant's Website within the statute of limitations period at a purported discount from a higher reference price. (*Id.* ¶ 20.)

5. Defendant is a Delaware corporation with its principal place of business in San Francisco, California. (Declaration of Lucy Poole ["Poole Decl."] ¶ 5.) *See* 28 U.S.C. § 1332. Thus, Defendant is a citizen of both Delaware and California. *Id.*

6. The proposed class is a nationwide class of consumers within the United States who purchased one or more of Defendant's products from Defendant's Website at a purported discount. (Compl. ¶ 20.) Those individuals include numerous citizens of states other than Delaware and California. (Poole Decl. ¶ 2.)

7. Because at least one member of the putative class is a citizen of a state different from Defendant, minimal diversity exists. 28 U.S.C. § 1332(d)(2)(A).

### B. Defendant Is Not A State, State Official, Or Government Entity

8. Defendant is not a state, state official, or government entity. As such, CAFA's non-governmental entity requirement is satisfied. 28 U.S.C. § 1332(d)(5)(A).

### C. The Putative Class Exceeds 100 Class Members

9. Plaintiff alleges that there are "at least 50 members of the Class." (Compl. ¶ 22.) Specifically, during the statute of limitations period (January 3, 2022 – January 3, 2025), more than 100 consumers purchased one or more of Defendant's

products from Defendant's Website at a discount from another price simultaneously displayed. (Poole Decl. ¶ 3.) The putative class thus exceeds 100 members.

### D. The Amount In Controversy Exceeds $5,000,000

10. Under CAFA, removal is proper where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Although the Complaint does not include a specific total monetary demand—and Defendant denies that it has any liability, or owes any damages, to Plaintiff or any putative class—the amount in controversy requirement is met.

11. The Complaint in this action alleges that Defendant has violated California Business & Professions Code section 17501, *et seq.*, and the putative class who could recover includes any consumer who "purchased one or more of Defendant's products from Defendant's Website within the statute of limitations period at a purported discount from a higher reference price." (Compl. ¶ 20.) Plaintiff seeks all available legal, equitable, and declaratory relief—but is otherwise vague as to how, exactly, this relief would be measured. (Compl., Prayer for Relief, ¶ B.)

12. Plaintiffs bringing false advertising claims under section 17501 frequently seek complete restitution in the form of a full refund of the purchased product. *See, e.g.*, *Stathakos v. Columbia Sportswear Co.*, No. 15-CV-04543-YGR, 2017 WL 1957063, at *10 (N.D. Cal. May 11, 2017) ("Plaintiffs proffer that they are entitled to receive as restitution a full refund for every dollar spent purchasing the garments at issue."); *Spann v. J.C. Penney Corp.*, 307 F.R.D. 508, 530 (C.D. Cal. 2015), *modified*, 314 F.R.D. 312 (C.D. Cal. 2016) ("Plaintiff's 'complete restitution' proposal contemplates that defendant 'offer her (and each class member) the opportunity to rescind his or her transaction(s), return the products purchased,

and obtain a full refund. . . . Under this method, there is no need to measure the value of the benefit received by Plaintiff because she would be required to return the products she purchased.'"). During the statute of limitations period (January 3, 2022 – January 3, 2025), Defendant generated more than $5,000,000 in revenues from the sale of discounted items (Poole Decl. ¶ 4.) Defendant disputes that this is a proper measure of compensation in this case, but assuming for purposes of amount in controversy that Plaintiffs are seeking complete restitution as part of their prayer for "all available legal, equitable, and declaratory relief," the minimum amount in controversy is over $5 million.

13. Plaintiff additionally requests attorneys' fees. (Compl., Prayer for Relief, ¶ C.) Although Defendant denies that Plaintiff is entitled to such fees, the Court should take attorneys' fees into account in ascertaining the amount in controversy even where an award is discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Similarly, the cost of complying with injunctive relief may be considered in determining the amount in controversy. *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002). Therefore, Plaintiff's broadly alleged claims for legal, equitable, and declaratory relief place more than $5,000,000 at issue in this action. As such, CAFA's amount in controversy requirement is satisfied. 28 U.S.C. §§ 1332(d)(2), (d)(6).

### III.   THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

14. This Notice of Removal contains a "short plain statement of the grounds for removal," and copies of the Complaint and any other process, pleadings, and orders that Plaintiff served on Defendant as of the date of the Notice of Removal are attached collectively as **Exhibit A**. 28 U.S.C. § 1446(a).

15. This Notice of Removal is timely filed under 28 U.S.C. §§ 1453(b), 1446(b) because Defendant was served with the Complaint on January 9, 2024 and is filing this Notice of Removal within thirty days of service. (*See* Ex. A.)

16. Venue is proper in the United States District Court for the Southern District of California because this action was filed and is pending in the Superior Court of California, San Diego County, which is within this District. 28 U.S.C. §§ 1441(a), 1446(a).

17. Defendant will promptly file the Notice to Superior Court and Adverse Party of Removal to Federal Court attached hereto as **Exhibit B** with the State Court and provide a copy of the same to Plaintiff. 28 U.S.C. § 1446(d).

18. By removing the action to this Court, Defendant does not waive any defenses that are available to it under state or federal law. Defendant expressly reserves all threshold defenses to this action and its right, for example, to move to compel arbitration, to dismiss or for the entry of judgment pursuant to Federal Rule of Civil Procedure 12 and 56, and/or to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

## IV. CONCLUSION

19. WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and for the reasons set forth above, Defendant respectfully removes this action from the Superior Court of California, San Diego County, to the United States District Court for the Southern District of California.

Dated: February 7, 2024        SHEPPARD MULLIN RICHTER & HAMPTON LLP

By        */s/ P. Craig Cardon*
          P. CRAIG CARDON
          ALYSSA SONES
          DANE C. BRODY CHANOVE

          *Attorneys for Defendant*
          LEVI STRAUSS & CO.